# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4172

_____

United States of America,                     *
                                              *
          Plaintiff - Appellee,               *
                                              *  Appeal from the United States
     v.                                       *  District Court for the District
                                              *  of Nebraska.
Kerry L. Baker                                *
                                              *
          Defendant - Appellant.              *

_____

Submitted:  June 24, 2005
    Filed:  July 22, 2005

_____

Before MELLOY, HEANEY, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Kerry L. Baker appeals his sentence following his conviction for conspiring to distribute over fifty grams of cocaine base. Mr. Baker had a prior felony drug conviction, and he received the mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b). He argues that, on the facts of his case, a twenty-year mandatory minimum sentence is disproportionate to the crime and comprises cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

We discussed Mr. Baker's underlying offense and jury trial in United States v. Kerry Baker, 367 F.3d 790 (8th Cir. 2004). In that appeal, we found the evidence sufficient to reinstate a jury verdict of guilty on the charge of conspiring to distribute over fifty grams of crack cocaine. Although the evidence was sufficient, the government's case against Mr. Baker was not overwhelming. His conviction rested on the jury's acceptance of testimony from witnesses of questionable credibility. Further, the district court was concerned that the government had manipulated sentencing by pursuing a crack cocaine conviction although the case involved primarily powdered cocaine. At sentencing, the district court imposed the mandatory minimum sentence, but firmly restated its belief that the evidence was insufficient to support the verdict. Mr. Baker seizes upon these facts to argue that the mandatory minimum sentence, as applied to his case, violates the Eighth Amendment.

This argument, in effect, is an attempt by Mr. Baker to reassert his sufficiency of the evidence argument in the context of sentencing, having failed to succeed with the same approach before our court during the guilt phase. We find no authority to support this attempt. It is true that in "an extremely rare case" a sentence may be so disproportionate to the underlying crime that a sentence runs afoul of the Eighth Amendment. Ewing v. California, 538 U.S. 11, 20 (2003) ("The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that ' applies to noncapital sentences.'" (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97 (1991))). The relevant facts for the purpose of an Eighth Amendment inquiry, however, are the facts surrounding the offense, not the relative strength or weakness of the government's successful proof of those facts. Ewing, 538 U.S. at 29-30 (discussing the facts of the immediate crime of conviction as well as the defendant's prior convictions). Here, a review of the facts shows that the probation office actually recommended a sentence higher than twenty years based on drug quantity. Further, "[w]e have held that mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments." United States v. Collins, 340 F.3d 672, 679 (8th Cir. 2003).

The judgment of the district court is affirmed.

_____