**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

No. 06-5283

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY PENDER,

Defendant - Appellant.

—————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (8:06-cr-00083-DKC)

—————

Submitted:  December 28, 2007      Decided:  January 11, 2008

—————

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Raymond J. Rigat, Washington, D.C., for Appellant.  Rod J. Rosenstein, United States Attorney, Del Wright, Jr., Special Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Pender appeals his convictions entered after a jury trial to possession of a firearm by a convicted felon and possession with intent to distribute cocaine base. On appeal, he challenges the denial of his motion to suppress and the sufficiency of the evidence supporting his convictions. We affirm.

Pender first challenges the denial of his motion to suppress the drugs and firearm found in the closet of the master bedroom of his apartment, arguing that his girlfriend and co-leaseholder, Lakesha Smith, lacked authority to consent to the search. The Government can justify a warrantless search by showing permission to search by "a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). Authority to consent arises from mutual use of the property by those with joint access or control, so that a cohabitant would recognize the risk that another might allow a common area to be searched. Trulock v. Freeh, 275 F.3d 391, 403 (4th Cir. 2001). "[T]he exception for consent extends even to entries and searches with the permission of a co-occupant whom the police reasonably, but erroneously, believe to possess shared authority as an occupant." Georgia v. Randolph, 547 U.S. 103, 109 (2006). "[I]t would be unjustifiably impractical to require the

- 2 -

police to take affirmative steps to confirm the actual authority of a consenting individual whose authority was apparent." Id. at 122.

Here, Smith was a leaseholder of the apartment and shared the master bedroom with Pender. The closet contained articles clearly belonging to a woman. Moreover, even if the closet contained more men's items than women's, there was nothing to alert the officers that Smith lacked mutual access to the closet – it was not locked and nothing inside it was in a locked or sealed container. Thus, we conclude that the police acted reasonably in relying on Smith's consent. See United States v. Kinney, 953 F.2d 863, 867 (4th Cir. 1992) (holding that officers acted reasonably in relying on the consent of cohabitant to search a locked closet when she produced a key, even though it turned out that the defendant did not give the cohabitant permission to use it). Accordingly, we find that the district court properly denied the motion to suppress the evidence found in the closet.

Pender next contends that, if the court finds that Smith had equal access to the closet, then there was insufficient evidence to show that he possessed the drugs and firearm in the closet, because they could have just as easily been put there by Smith. We review the denial of a motion for acquittal de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 547 U.S. 1113 (2006). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must

be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693. We "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). If evidence "supports different, reasonable interpretations, the jury decides which interpretation to believe." United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

On appeal, the only element of his convictions that Pender challenges is whether he possessed the drugs and firearm found in the closet. Possession may be actual, constructive, or joint. United States v. Gallimore, 247 F.3d 134, 136-37 (4th Cir. 2001). "[T]o establish constructive possession, the government must produce evidence showing ownership, dominion, or control over the contraband itself or the premises or vehicle in which the contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992). Possession may be established by circumstantial evidence. United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).

- 4 -

Here, the evidence showed that Pender slept in the room in which the closet was located and that the closet contained his possessions. Smith testified that the drugs and gun did not belong to her and that nobody besides herself and Pender had access to the closet. In addition, police officers observed Pender conduct a drug transaction the very day the apartment was searched. Accordingly, the jury could have easily determined that Pender possessed the contraband in question. See United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989) (stating that "circumstantial evidence . . . may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence.").

Accordingly, we affirm Pender's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED