# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-3131

———————

United States of America,

        Appellee,

v.

Lino Terrazas Ramirez,

        Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Southern District of Iowa.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: October 18, 2010
Filed: October 25, 2010

———————

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

———————

PER CURIAM.

Lino Terrazas Ramirez pleaded guilty to conspiring to distribute at least 500 grams of methamphetamine and at least 50 grams of actual methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court[1] sentenced Ramirez to the mandatory minimum of twenty years under 21 U.S.C. § 841(b)(1)(A) in light of Ramirez's previous conviction for a felony drug offense. Ramirez appeals his sentence arguing it violates the Eighth Amendment ban on cruel and unusual

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

punishment. Ramirez also asserts his trial counsel was ineffective in failing to raise his Eighth Amendment challenge at the time the sentence was imposed. We affirm.

Normally this court reviews de novo an Eighth Amendment challenge to a sentence. United States v. Wiest, 596 F.3d 906, 911 (8th Cir. 2010). However, Ramirez's trial counsel failed to object to Ramirez's sentence on Eighth Amendment grounds and the issue is being raised for the first time on appeal. Therefore, Ramirez is only entitled to relief if he can show there was plain error that affected his substantial rights. See United States v. Hodge, 594 F.3d 614, 619 (8th Cir. 2010).

The Eighth Amendment forbids "extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in the judgment) (quoting Solem v. Helm, 463 U.S. 277, 288 (1983)). According to Ramirez, a twenty-year term of imprisonment is grossly disproportionate to the crime of conspiring to distribute methamphetamine because he would have been subject to only half that amount of time if his prior drug offense had been classified a misdemeanor rather than a felony.

Existing circuit precedent effectively forecloses Ramirez's argument. We have repeatedly affirmed the constitutionality of mandatory minimum sentences for drug crimes. See, e.g., United States v. Turner, 583 F.3d 1062, 1068 (8th Cir. 2009) (holding a 120-month mandatory minimum sentence for conspiracy to manufacture and aiding and abetting the manufacture of 500 grams or more of methamphetamine did not violate the Eighth Amendment); United States v. Baker, 415 F.3d 880, 881-82 (8th Cir. 2005) (holding a mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b) did not violate the Eighth Amendment). In United States v. Collins, 340 F.3d 672 (8th Cir. 2003), we noted "a sentence within the range provided by statute is generally not reviewable by an appellate court," id. at 680 (citing United States v. Richard, 872 F.2d 253, 255 (8th Cir. 1989)), and then held a mandatory life sentence for conspiracy to distribute, and possession with intent to distribute, more

than 500 grams of methamphetamine did not violate the Eighth Amendment. In United States v. Prior, 107 F.3d 654, 658-60 (8th Cir. 1997), we affirmed a mandatory life sentence for possession with intent to distribute 1,147.6 grams of methamphetamine. In concluding a mandatory life sentence was not grossly disproportionate to the crime, we explained, "possession of narcotics with the intent to distribute is an offense at the root of some of the gravest problems facing our country. The fruit of the drug plague is everywhere; it fills our jails, our courts, our streets, and our nurseries." Id. at 660 (internal quotation marks and citation omitted).

Ramirez pleaded guilty to conspiracy to distribute at least 500 grams of methamphetamine. For that conviction, he received the mandatory minimum sentence as prescribed by statute, which is twenty years. In light of both our precedent and the grave nature of drug offenses, we conclude Ramirez's twenty-year sentence was not grossly disproportionate to the crime and did not violate the Eighth Amendment ban on cruel and unusual punishment.

Ramirez's claim of ineffective assistance of counsel fails for the same reason. A defendant is not entitled to relief on a claim of ineffective assistance of trial counsel if he cannot show counsel's ineffective performance resulted in prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding deficiencies in counsel's performance must be prejudicial to constitute a constitutional violation). Because his Eighth Amendment claim fails, Ramirez is unable to show his counsel's failure to raise the issue below was prejudicial.

Accordingly, we affirm.

_____