**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-6806

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

    v.

ANTHONY PENDER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:06-cr-00083-DKC-1; 8:09-cv-00034-DKC)

Submitted:  February 15, 2013       Decided:  March 20, 2013

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anthony Pender, Appellant Pro Se. David Ira Salem, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Pender appeals from the denial of his 28 U.S.C.A. § 2255 (West Supp. 2012) motion. We previously granted a certificate of appealability on the issue of whether Pender received effective assistance of counsel in relation to plea bargaining negotiations. After additional briefing, we vacate the district court's order and remand for further proceedings.

To succeed on his ineffective assistance claim, Pender must show that: (1) counsel's failures fell below an objective standard of reasonableness and (2) counsel's deficient performance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). The Supreme Court recently addressed the standard for showing ineffective assistance during the plea bargaining stage in Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012). In Lafler, the Court held that the Sixth Amendment right to counsel applies to the plea bargaining process and prejudice occurs when, absent deficient advice, the defendant would have accepted a plea that would have resulted in a less severe conviction, sentence, or both. Lafler, 132 S. Ct. at 1384-85. In Frye, the Supreme Court held that a component of the Sixth Amendment right to counsel in the plea bargaining context is that counsel has a duty to communicate any offers from the Government to his client. Frye, 132 S. Ct. at 1408.

In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue. United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000). We review a district court's refusal to conduct an evidentiary hearing for an abuse of discretion. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006).

Here, the district court recognized that an issue of fact existed. Specifically, Pender averred that his attorney failed to seek a plea bargain even though the evidence against him was quite strong and he faced a mandatory life sentence if convicted. Without submitting an affidavit from defense counsel or the Assistant United States Attorney, the Government responded that Pender was in fact offered a beneficial plea agreement but he turned it down.[1] The court concluded that,

---

[1] In his notice of appeal and in his informal brief, Pender states that he had no knowledge of this plea offer. However, (Continued)

regardless of how the factual dispute was resolved, there was no ineffective assistance. We find, to the contrary, that Pender alleged sufficient facts to state a claim of ineffective assistance. Because these facts are in dispute, a hearing was necessary before ruling on the case.

When the district court decided Pender's motion, it had before it Pender's sworn assertion that his counsel failed to pursue a plea agreement when faced with a very weak case for trial and a mandatory life sentence upon conviction. The court also had the Government's unsworn, unauthenticated assertion that Pender had been offered a plea agreement that he personally rejected. The district court correctly noted that there is no constitutional right to a plea agreement and that the decision to initiate plea negotiations is a strategic decision within the purview of defense counsel. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977); Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981). However, counsel is still required to be a "reasonably effective advocate" regarding the decision to seek a plea bargain. Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993). Thus, if Pender could show, as he alleged, that there was no reasoned strategy to his attorney's decision not to pursue a

these allegations were not before the district court because Pender did not respond to the Government's answer.

4

plea bargain, we conclude that Pender would have satisfied the first Strickland prong and shown that his attorney's actions were unreasonable.

The record in this case showed that drugs and a firearm were found in Pender's bedroom closet, a closet which contained his possessions. Pender's defense at trial to charges of possession with intent to distribute the drugs and possession of the firearm was that his girlfriend had access to and shared the closet with him and the drugs and firearm could have just as easily been hers. See United States v. Pender, No. 06-5283 (4th Cir. Jan. 11, 2008) (unpublished). While counsel may have reasonably believed that this defense was strong enough to forego pursuing a plea bargain even with a mandatory life sentence on the line, there is no affidavit from counsel in the record, and the district court was then left to guess at counsel's motives and strategy, if any.

While counsel does not have a general duty to initiate plea negotiations, here there is no evidence that counsel was acting reasonably or strategically, and the decision to forego plea bargaining exposed Pender to a mandatory life sentence. We find that the record and Pender's presumably true allegations considered together were sufficient to raise a material issue of fact as to whether Pender's attorney's actions were unreasonable

in failing to pursue plea negotiations.[2]  Moreover, this is a unique case because the Government concedes that a plea bargain with a beneficial sentence would have been (or was) offered had counsel pursued it.  As such, assuming his attorney unreasonably failed to pursue plea bargaining and given that Pender avers that he would have accepted such a plea, Pender has shown that he was prejudiced by his attorney's actions.

Thus, we vacate the district court's order and remand so that the district court can either hold a hearing or otherwise further develop the record before ruling.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] Of course, given the Government's response and Pender's allegations in his informal brief, it does not appear that, had a hearing been held, this would have been the issue under consideration.  Instead, the court would likely have been faced with a factual dispute as to whether Pender was at the plea offer meeting and, if not, whether his attorney communicated the offer to him.  Nonetheless, as the Government notes, this issue cannot be considered on appeal because it was not timely raised before the district court.