# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1187
_____

Lino Terrazas Ramirez

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines
_____

Submitted: December 19, 2013
Filed: May 2, 2014
_____

Before MURPHY, BYE, and SMITH, Circuit Judges.
_____

SMITH, Circuit Judge.

In May 2009, Lino Ramirez pleaded guilty to one count of conspiracy to distribute at least 500 grams of a mixture or substance containing methamphetamine and at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Ramirez was sentenced to 240 months' imprisonment followed by ten years of supervised release.

Ramirez filed a 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence in August 2012. The district court[1] denied the petition. On appeal, Ramirez asserts that (1) his counsel was ineffective for failing to advise him that the government had inquired if Ramirez might cooperate against others, (2) his counsel was ineffective for failing to ask the district court to undertake the requisite 21 U.S.C. § 851(b) colloquy, (3) his counsel was ineffective for failing to withdraw Ramirez's guilty plea as Ramirez requested, and (4) an intervening change of law prevents enhancement of Ramirez's sentence for a prior felony. We affirm.

## I. *Background*

In November 2008, a federal grand jury indicted Ramirez on five counts of drug-related charges, including conspiracy to distribute drugs and drug distribution, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(C), and 18 U.S.C. § 2. The government indicted other members of this conspiracy as well. In May 2009, Ramirez pleaded guilty to one count of conspiracy to distribute at least 500 grams of a mixture or substance containing methamphetamine and at least 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The district court sentenced Ramirez to 240 months' imprisonment followed by ten years of supervised release. We affirmed this sentence on direct appeal. *See United States v. Ramirez*, 397 F. App'x 283 (8th Cir. 2010) (unpublished).

In August 2012, Ramirez filed a 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. His petition asserted four claims: (1) ineffective assistance of counsel based on counsel's "fail[ure] to inform him of the government's interest in a cooperation agreement," (2) ineffective assistance of counsel based on counsel's failure "to request the court to read [the] necessary sentence colloquy as required by § 851(b) before imposing [an] enhanced sentence," (3) ineffective assistance of

---

[1]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa.

counsel based on counsel's "fail[ure] to file [Ramirez's] motion to withdraw his guilty plea" contrary to Ramirez's wishes, and (4) the occurrence of an intervening change of law that rendered an enhancement to Ramirez's sentence for a prior felony inapplicable.

The government moved to dismiss Ramirez's claims because Ramirez did not file the petition within the one-year limitations period of 28 U.S.C. § 2255(f). Ramirez argued that the claims were timely because of equitable tolling. The district court determined that claims two, three, and four were untimely and dismissed them, finding insufficient grounds for equitable tolling. The district court determined that Ramirez timely brought claim one because the claim "was unknown to Ramirez until he received his file from his appellate attorney." Apparently, Ramirez's attorney withheld Ramirez's case file despite Ramirez's numerous requests to attain it. The district court found that Ramirez could not have learned about the government's interest in seeking a plea deal until after he received his case file several months after we affirmed his sentence.

Although Ramirez timely brought claim one, the district court rejected it because Ramirez failed to demonstrate that the lack of communication prejudiced him in a constitutionally recognizable fashion. The district court emphasized that "there was never a plea offer for counsel to convey to Ramirez." Because of the lack of a concrete plea offer, Ramirez failed "to show that the end result would have been different." Furthermore, Ramirez never "expressed a willingness to cooperate with the government or that he possessed information that would have been beneficial to the government." The court concluded that "[t]he mere possibility of obtaining more advantageous plea agreement terms is not sufficient to satisfy the prejudice required by *Strickland*."[2]

---

[2]*Strickland v. Washington*, 466 U.S. 668 (1984).

The district court denied a certificate of appealability as to each claim because it found that Ramirez's claims were "untimely and/or without merit." On June 19, 2013, we granted a certificate of appealability as to claim one only.

## II. *Discussion*

Ramirez argues on appeal that (1) his counsel was ineffective for failing to advise him that the government had inquired if Ramirez might cooperate against others, (2) his counsel was ineffective for failing to ask the district court to undertake the requisite 21 U.S.C. § 851(b) colloquy, (3) his counsel was ineffective for failing to withdraw Ramirez's guilty plea as Ramirez requested, and (4) an intervening change of law prevents enhancement of Ramirez's sentence for a prior felony.

### A. *Government's Interest in Ramirez's Cooperation*

Ramirez argues that the district court erred by determining that his counsel was not ineffective for "failing to advise him that the [government] had expressed an interest as to whether Ramirez was willing to cooperate against other individuals." More specifically, Ramirez avers that "[p]rejudice resulted because Ramirez was deprived of a real choice between cooperation and silence." The government counters by arguing that it never extended Ramirez a formal plea offer. Furthermore, Ramirez never demonstrated that he was willing to cooperate or that he possessed helpful information.

Ramirez cites the following letter from the government to his trial counsel as the basis of his claim:

Dear [Trial Counsel]:

This letter is [in] response to our phone conversation today, where you indicated that your client may be willing to provide information to the government which may be of assistance in a criminal investigation pending in the Southern District of Iowa.

-4-

I would like the opportunity to access [sic] the value, extent, and truthfulness of your client's information about potential criminal activity before a plea agreement would be considered or discussed. While your client may hope to receive some benefit by cooperating with the government, *your client should understand that the government makes no promises or assurances that your client will receive any benefit at all.*

Enclosed with this letter is a proffer letter for you to review with your client. If your client would like to proffer please have him review and sign the letter and return it to my office no later th[a]n March 6, 2009. *Your client's cooperation is dependant upon his timeliness.* If you have any questions feel free to contact me. I look forward to hearing from you soon.

(Emphases added.) The government sent Ramirez's counsel a second letter two months later that contained a non-cooperation agreement because "[t]o date, I have not received any indic[a]tion from you that your client is interested in cooperating."

A claim for ineffective assistance of counsel requires defendants to show that their counsels' "performance was deficient and that it prejudiced [their] defense." *Chambers v. Armontrout*, 907 F.2d 825, 828 (8th Cir. 1990) (en banc) (citing *Strickland*, 466 U.S. at 687). To show deficient performance, the defendant must demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quotations and citations omitted). "[A] strong presumption [exists] that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quotation and citation omitted).

A defendant can establish prejudice by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to

undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "Failure to establish either *Strickland* prong is fatal to an ineffective-assistance claim." *Worthington v. Roper*, 631 F.3d 487, 498 (8th Cir. 2011) (citation omitted). Therefore, "[w]e need not inquire into the effectiveness of counsel . . . if we determine that no prejudice resulted from counsel's alleged deficiencies." *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quotation and citations omitted).

In *Lafler*, the Supreme Court recognized that defendants have a Sixth Amendment right to counsel during the plea-bargaining process. 132 S. Ct. at 1384. The *Lafler* court also noted that "'the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

In a companion case to *Lafler*, the Court addressed a situation that arose "in the context of claimed ineffective assistance that led to the lapse of a prosecution offer of a plea bargain, a proposal that offered terms more lenient than the terms of the guilty plea entered later." *Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012). The Court held that "as a general rule, defense counsel has the duty to communicate *formal* offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Id.* at 1408 (emphasis added). The Court further acknowledged that the offer in *Frye* "was a formal one with a fixed expiration date." *Id.*

In Ramirez's case, the district court distinguished *Frye* by noting that the government never extended Ramirez a formal plea offer. In fact, the government stated in its letter:

> I would like the opportunity to access [sic] the value, extent, and truthfulness of your client's information about potential criminal activity before a plea agreement would be considered or discussed. While your

-6-

client may hope to receive some benefit by cooperating with the government, your client should understand that the government makes no promises or assurances that your client will receive any benefit at all.

The district court correctly concluded that the government never extended Ramirez a formal plea offer because the government merely expressed an interest in negotiating. The terms of the government's interest explicitly disclaimed any promises or assurances to Ramirez.

Under *Frye,* Ramirez must

demonstrate a reasonable probability [that he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel. [Ramirez] must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it . . . . To establish prejudice in this instance, it is necessary to show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time.

*Id.* at 1409. In short, to demonstrate prejudice, Ramirez must show a reasonable probability that the plea would have been entered without the prosecution canceling it. *See id.* at 1411 ("If . . . the prosecutor could have canceled the plea agreement . . . there is no *Strickland* prejudice.").

Here, Ramirez received at most an informal plea offer[3]—one that expressly contained no promises or assurances. He simply has not shown that a reasonable probability existed that the government would have extended a plea offer. Additionally, as the district court observed, Ramirez never expressed a willingness to cooperate or indicated that he possessed information that would benefit the government. Consequently, Ramirez fails to demonstrate that he suffered the requisite prejudice under *Strickland* and *Frye*, especially where Ramirez "has no right to be offered a plea." *Frye*, 132 S. Ct. at 1410 (citation omitted).

## B. *Ramirez's Remaining Claims*

Ramirez obtained a certificate of appealability only as to his first claim. Thus, we will not consider Ramirez's remaining claims. *See Dodd v. United States*, 614 F.3d 512, 518 (8th Cir. 2010) ("Generally, appellate review is limited to the issues

---

[3]The Fourth Circuit encountered a similar situation post-*Frye* where the government and defendant engaged in informal plea discussions, and the defendant later asserted a § 2255 petition claiming ineffective assistance of counsel based on his counsel's failure to apprise him of the discussions. *See Merzbacher v. Shearin*, 706 F.3d 356, 359 (4th Cir.), *cert. denied,* 134 S. Ct. 71 (2013). In *Merzbacher*, prosecutors, defense counsel, and the trial court informally discussed the possibility that the defendant would plead guilty in exchange for a recommended sentence of ten years. *Id.* The trial court agreed to uphold the arrangement upon defendant's consent. *Id.* Instead, defendant's counsel never informed defendant of the discussion, and defendant proceeded to trial and was convicted on all counts. *Id.* He was sentenced to four life sentences and a ten-year sentence, to run concurrently. *Id.* Defendant asserted that he received ineffective assistance of counsel when his trial counsel failed to inform him of these plea discussions. *Id.* The Fourth Circuit was troubled because "several of the offer's terms lacked definition. Moreover, the undefined terms were of the sort that require substantial negotiation and compromise." *Id.* at 369. Thus, the court explained that "the offer's nascence figures prominently in the calculus. The lack of definition in the plea offer makes it substantially harder to determine it likely that a plea acceptable to [the defendant] would have been 'entered without the prosecution canceling it or the trial court refusing to accept it.'" *Id.* at 370 (footnote omitted) (quoting *Frye*, 132 S. Ct. at 1409).

specified in the certificate of appealability." (quotation and citation omitted)). Although "we retain discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability," *Thomas v. United States*, 737 F.3d 1202, 1206 n.2 (8th Cir. 2013) (quotation and citation omitted), Ramirez has failed to demonstrate that he warrants our exercise of such discretion here.

## III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

BYE, Circuit Judge, dissenting.

I would reverse the district court and remand for an evidentiary hearing to determine whether Ramirez's counsel withheld knowledge of the government's plea and proffer proposal and, if so, whether the failure was prejudicial to Ramirez.

Under § 2255(b), the district court is required to accept the allegations in a prisoner's § 2255 motion as true and conduct an evidentiary hearing on those allegations unless they are refuted by the record, are inherently incredible, merely conclusory, or they would not have entitled the petitioner to relief. See Garcia v. United States, 679 F.3d 1013, 1014 (8th Cir. 2012). The district court denied Ramirez's § 2255 petition without conducting an evidentiary hearing. The district court and the majority conclude an evidentiary hearing is unwarranted under their interpretations of Missouri v. Frye, 132 S.Ct. 1399 (2012).

The majority limits Frye to its most narrow holding: attorneys must make formal plea offers known to their clients. However, I read Frye to require effective counsel during the process of plea negotiations. Id. at 1407 ("The reality is that plea bargains have become so central to the administration of the criminal justice system that defense counsel have responsibilities in the plea bargain *process*, responsibilities that must be met to render the adequate assistance of counsel that the Sixth

-9-

Amendment requires in the criminal process at critical stages." (emphasis added)); see also Kovacs v. United States, 744 F.3d 44, 52 (2d Cir. 2014) ("The proper focus is not on the specific test applied in . . . Frye; each case is a context-specific application of Strickland directed at a particular instance of unreasonable attorney performance.").

The Supreme Court has "long recognized that the *negotiation* of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." Padilla v. Kentucky, 559 U.S. 356, 373 (2010), citing McMann v. Richardson, 397 U.S. 759, 770-71 (1970) (emphasis added); see also Burger v. Kemp, 483 U.S. 776, 803-04 (1987) (noting "pretrial plea *negotiations*" are a critical stage of the criminal process (emphasis added)). Frye may not have required the Supreme Court to examine a non-formal plea offer, but the Court still discussed the process of gaining a plea deal: "criminal defendants require effective counsel during plea *negotiations*." 132 S.Ct. at 1407-08 (emphasis added). No language limits the requirement of effective counsel to "formal negotiations" or "formal plea offers" but rather to simply "negotiations."

As the majority notes, supra, at n.3, the Fourth Circuit recently encountered a similar situation in Merzbacher v. Shearin, 706 F.3d 356 (4th Cir. 2013). Merzbacher does not foreclose the application of Frye to nascent plea agreements, but rather acknowledges "there may be cases in which a petitioner can show Strickland prejudice despite the incipience of the plea offer he did not accept[.]" Id. at 369-70. While the Fourth Circuit acknowledged a "lack of definition in the plea offer" made it difficult to know whether the plea would have been adopted, the court also found "significant evidence weighed against finding the petitioner and the prosecutor would have agreed on a plea" and ultimately denied the petition because the petitioner had failed to demonstrate a reasonable probability the plea would have been entered and adopted. Id. at 370.

In the present case, Ramirez was not allowed to even offer evidence the plea would have been entered and adopted. An evidentiary hearing is required to determine whether Ramirez's lawyer truly did fail to inform Ramirez of the proffer and plea deal and whether Ramirez would have cooperated with the government. If, in fact, Ramirez would have cooperated and Ramirez's attorney failed to even notify Ramirez of the nascent plea and proffer agreement, then Ramirez may be able to show his counsel was constitutionally ineffective for failing to notify him of the proffer and plea deal.

On remand, Ramirez would also have the opportunity to demonstrate "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Frye, 132 S.Ct. at 1409.

At sentencing, the district court was clearly displeased with the mandatory minimum required in Ramirez's case. The district court asked the government whether there was an opportunity for a motion for substantial assistance which would have changed the mandatory minimum and stated, "I think this is one of the most unfair sentences I've been required to impose in my 18 years on the bench, and I do it with a heavy heart." The district court subsequently sentenced Ramirez to the mandatory minimum. A cooperation agreement would have prevented a mandatory minimum; Ramirez should be allowed to develop a record below to show a reasonable probability his sentence would have been less had he pleaded guilty with the benefit of a cooperation agreement.

In light of the strong emphasis on plea *negotiations* in Supreme Court precedent, I find the record does not conclusively establish Ramirez was not entitled to relief. Therefore, I would remand this case for an evidentiary hearing to determine whether Ramirez's attorney did, in fact, fail to notify Ramirez of the potential cooperation agreement and whether that failure was prejudicial to Ramirez.

———————————————