# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-4437
_____

United States of America

*Plaintiff - Appellee*

v.

Anton Alexander Martynenko

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 12, 2018
Filed: April 3, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MURPHY and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Anton Alexander Martynenko pled guilty to production of child pornography, 18 U.S.C. § 2251(a), (e) (Count 1), distribution of child pornography, 18 U.S.C. § 2252(a)(2), (b)(1) (Count 2), and advertisement of child pornography, 18 U.S.C.

§ 2251(d)(2)(B), (e) (Count 3). The district court[1] sentenced Martynenko to 456 months imprisonment—360 months on Counts 1 and 3 to run concurrently and a consecutive 120 months on Count 2, followed by a 24 month reduction in the sentence for reasons not relevant to this appeal. Martynenko appeals his sentence. For the reasons explained below, we affirm.

First, Martynenko argues the district court failed to explain his sentence adequately. A district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." Gall v. United States, 552 U.S. 38, 50 (2007). It must be clear from the record that the sentencing court actually considered the factors listed in 18 U.S.C. § 3553, but the district court need not elaborate on each factor. See United States v. Hernandez, 518 F.3d 613, 616 (8th Cir. 2008). Failure to explain a sentence adequately is a procedural error reviewed for plain error when, as here, there was no objection below. United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). Under plain error review, the appellant must show "that a more detailed explanation would have resulted in a lighter sentence." Id. Here, Martynenko does not even attempt to demonstrate that he was prejudiced by the district court's limited discussion of the reasons for his sentence. Thus, even assuming *arguendo* that the district court's explanation was inadequate, Martynenko has shown no plain error.

Second, Martynenko argues the sentence is substantively unreasonable because the district court gave too much weight to uncharged conduct and the sentence is not "necessary." We review the substantive reasonableness of a sentence for abuse of discretion. United States v. Zayas, 758 F.3d 986, 990 (8th Cir. 2014). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or

---

[1]The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota.

irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." United States v. Borromeo, 657 F.3d 754, 756 (8th Cir. 2011) (citation omitted). When a defendant fails to object to consideration of an improper factor at sentencing, we review for plain error. United States v. O'Connor, 567 F.3d 395, 397 (8th Cir. 2009). If a defendant does not object to the facts in a presentence report, "the court may accept the facts as true and rely on the unobjected-to facts" at sentencing. United States v. Douglas, 646 F.3d 1134, 1137 (8th Cir. 2011).

Here, because Martynenko did not object to the facts in the presentence report that he now complains were irrelevant and unproven, it was not improper for the district court to rely on them when analyzing the § 3553 factors. Id. Martynenko has not demonstrated that consideration of those facts gave rise to an error that is plain, that affected his substantial rights, and that "seriously affects the fairness, integrity or public reputation of judicial proceedings." O'Connor, 567 F.3d at 397 (citation omitted). In arguing that his sentence is not "necessary," Martynenko claims that the United States Sentencing Guidelines treat child pornography offenses too harshly and that it was an abuse of discretion to deny his request for a sentence below the guideline range. Given the severity of Martynenko's conduct, we conclude that it was not an abuse of discretion for the district court to reject his policy disagreements with the guidelines and sentence him to 38 years—a sentence at the lower end of his guideline range.

Third, Martynenko argues his sentence violates the Eighth Amendment's prohibition of cruel and unusual punishment. "We review Eighth Amendment sentencing challenges *de novo*." United States v. Meeks, 756 F.3d 1115, 1120 (8th Cir. 2014). We first compare Martynenko's crime with his sentence; an Eighth Amendment violation can be found only when this comparison "leads to an inference of gross disproportionality." United States v. Johnson, 944 F.2d 396, 409 (8th Cir. 1991). In only "an extremely rare case" will a noncapital sentence be "so

disproportionate to the underlying crime that [it] runs afoul of the Eighth Amendment." <u>Meeks</u>, 756 F.3d at 1120 (quoting <u>United States v. Baker</u>, 415 F.3d 880, 882 (8th Cir. 2005) (second quotation)). Martynenko engaged in a four year scheme to entice dozens of minor males to send him nude photographs on social media, then to distribute those photographs to their acquaintances, blackmailing them to send more. The victim impact statements demonstrate the devastating effect of the crimes on their young lives, and two of his victims later committed suicide. The presentence report describes uncharged relevant conduct to which Martynenko did not object, including blackmailing minor victims into engaging in coerced sexual acts. On these facts, a 38 year sentence does not give rise to an inference of gross disproportionality, and we thus reject Martynenko's Eighth Amendment challenge.

The judgment is affirmed.

_____