# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3403

_____

Daryl Diemer

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: September 21, 2017
Filed: April 4, 2018
[Unpublished]

_____

Before LOKEN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Daryl Diemer pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court[1]

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

imposed the 15-year mandatory minimum sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because Diemer had four previous convictions for violent felonies: (1) a Missouri conviction for second-degree robbery; (2) a Missouri conviction for second-degree burglary; (3) a Kansas conviction for burglary; and (4) a Kansas conviction for attempted aggravated burglary.

Diemer thereafter moved to vacate his sentence in light of Johnson v. United States, 135 S. Ct. 2551 (2015), arguing that neither of his Missouri convictions were violent felonies under the ACCA. The district court ruled that Diemer's second-degree robbery conviction was a predicate felony and accordingly found it unnecessary to address the argument on his second-degree burglary conviction. Diemer then requested a certificate of appealability on the issue of whether a Missouri conviction for second-degree burglary is a violent felony within the meaning of the ACCA, and we granted that request.

In light of this court's en banc decision in United States v. Swopes, No. 16-1797, slip op. at 6 (8th Cir. March 29, 2018) (en banc), which held that a "conviction for Missouri second-degree robbery [i]s a 'violent felony' under the ACCA," we conclude that the district court properly counted Diemer's second-degree robbery conviction as a violent felony under the ACCA. When combined with his two Kansas convictions, Diemer has three prior convictions "for a violent felony or a serious drug offense," and thus was properly sentenced as an armed career criminal. § 924(e)(1).[2]

We therefore affirm the district court.

_____

[2]In his reply brief, Diemer raises for the first time an argument concerning whether his Kansas convictions are predicate felonies under the ACCA. We do not consider this argument because it is untimely, United States v. Jones, 842 F.3d 1077, 1082 n.2 (8th Cir. 2016), and it exceeds the scope of the certificate of appealability, Ramirez v. United States, 751 F.3d 604, 608-09 (8th Cir. 2014).