# SUPREME COURT OF THE UNITED STATES

## QUARTAVIOUS DAVIS *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 22–5364.   Decided February 21, 2023

The petition for a writ of certiorari is denied.

JUSTICE JACKSON, with whom JUSTICE SOTOMAYOR joins, dissenting from the denial of certiorari.

Our criminal justice system today is "for the most part a system of pleas, not a system of trials." *Lafler* v. *Cooper*, 566 U. S. 156, 170 (2012). Against this backdrop, this Court has recognized that the loss of an opportunity for a favorable plea offer due to an attorney's deficient performance can violate the Sixth Amendment right to effective counsel. *Id.,* at 169–170; see also *Missouri* v. *Frye*, 566 U. S. 134 (2012). Petitioner Quartavious Davis alleged, and the Eleventh Circuit did not dispute, that he satisfied the first prong of the *Strickland* ineffective-assistance-of-counsel standard because his attorney failed to initiate plea negotiations with the Government. The question presented, then, is how can a defendant like Davis show "prejudice" as a result of this failure? See *Strickland* v. *Washington*, 466 U. S. 668, 687 (1984) (ineffective assistance of counsel requires a showing of both deficient performance and prejudice).

The Circuits appear to be at odds with respect to this important question. Under our case law, in order to demonstrate prejudice when defense counsel's deficient performance causes the defendant to forgo an advantageous plea deal, the defendant must show there was "a reasonable probability" that the relevant parties—the prosecution, defendant, and the court—would have accepted the plea. *Frye*, 566 U. S., at 147. But some Circuits have held that

this showing can be made without proof that the Government had put a plea offer on the table, see *Byrd* v. *Skipper*, 940 F. 3d 248, 252, 255–256 (CA6 2019); *United States* v. *Pender*, 514 Fed. Appx. 359, 360–361 (CA4 2013) (*per curiam*), while others seem to impose a threshold requirement that a defendant cannot show prejudice if "the government never extended . . . a formal plea offer" to the defendant, *Ramirez* v. *United States*, 751 F. 3d 604, 608 (CA8 2014); see also *Byrd*, 940 F. 3d, at 264 (Griffin, J., dissenting) (collecting cases to support the proposition that ineffective assistance of counsel in this context "require[s] proof of a plea offer").

In this case, the Eleventh Circuit joined the debate. The District Court concluded that Davis's allegations in his 28 U. S. C. §2255 motion were insufficient, even if true, because he had not alleged "that a plea offer was made but not communicated to [him]." The Eleventh Circuit affirmed, concluding that Davis was not entitled to an evidentiary hearing to prove his allegations because "Davis did not allege in his §2255 petition that the government even offered a plea deal," which, in the Eleventh Circuit's view, meant that Davis had insufficiently pleaded prejudice.

The instant case not only implicates a divergence of circuit opinions, but also is an ideal vehicle to evaluate the Eleventh Circuit's bright-line rule that an adequate showing of prejudice requires an actual plea offer. That important legal question is isolated here; since the Eleventh Circuit assumed deficient performance, so can we. See *Lafler*, 566 U. S., at 163. And because the lower courts denied Davis's motion without an evidentiary hearing based solely on the pleading deficiency, the sole question before us is whether a defendant must allege (and then ultimately show) that an actual plea offer was made.

Moreover, under the circumstances presented here, it was exceedingly likely that Davis would have prevailed with respect to the prejudice prong if the Eleventh Circuit

had not applied that threshold requirement. Davis's allegations established that a favorable plea agreement was a strong possibility, even though no offer actually materialized, because each of Davis's five codefendants had lawyers who negotiated favorable plea agreements with respect to the same series of armed robberies. And while Davis (who was 18 or 19 years old at the time the crimes were committed) received a sentence of approximately 160 years of imprisonment after his attorney took him to trial, all of Davis's codefendants received sentences of less than 40 years of imprisonment due to plea agreements that enabled the District Court to impose a sentence below the mandatory minimum. The District Court's statements at sentencing were also noteworthy: The judge specifically asserted that, while he thought the appropriate sentence for Davis was 40 years, he was bound by the consecutive mandatory minimums.*

The Eleventh Circuit gave short shrift to these alleged facts, and others, which suggest that Davis was harmed by his counsel's failure to initiate plea negotiations because it applied a bright-line rule that prejudice cannot be shown in the absence of a plea offer. This petition presents the Court with a clear opportunity to resolve a Circuit split regarding whether having an actual plea offer is an indispensable prerequisite to making the necessary showing of prejudice. I would grant certiorari to resolve that issue.

——————

*The mandatory minimums that applied to Davis were subsequently revisited—and revised—by Congress. See 18 U. S. C. §924(c)(1)(A). Davis asserts that, if sentenced today, he would face a mandatory minimum of 35 years of imprisonment.