# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1103
_____

United States of America

*Plaintiff - Appellee*

v.

Edward James Gleason, Jr., also known as Champ, also known as Mexico

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 12, 2023
Filed: June 14, 2023
[Unpublished]
_____

Before GRASZ, MELLOY, and KOBES, Circuit Judges.
_____

MELLOY, Circuit Judge.

On the second day of a jury trial, without a negotiated plea agreement, Edward James Gleason, Jr., pleaded guilty to: one count of conspiring to distribute 500 grams or more of methamphetamine, 21 U.S.C. §§ 841(a), (b)(1)(A) and 846; two counts of distributing methamphetamine, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and one count of possessing with intent to distribute at least 50 grams of methamphetamine, 21

U.S.C. §§ 841(a)(1) and (b)(1)(B). Sixteen months later, Mr. Gleason moved unsuccessfully to withdraw his guilty plea. At sentencing, the district court[1] found a base offense level of 36 and applied a two-level role enhancement. The adjusted offense level of 38 and a Category VI criminal history resulted in an advisory Guidelines sentencing range of 360 months to life. The district court varied downward and imposed a sentence of 240 months. Mr. Gleason appeals the denial of his motion to withdraw and application of the role enhancement. We affirm.

Mr. Gleason argues the district court abused its discretion in denying his motion to withdraw. See United States v. Maxwell, 498 F.3d 799, 801 (8th Cir. 2007) (standard of review). In his motion, he argued trial counsel was ineffective for failing to inform him of a government plea offer. "[A]s a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." Missouri v. Frye, 566 U.S. 134, 145 (2012). We have emphasized that counsel's duty pursuant to Frye does not apply to informal plea negotiations and potential but non-formal offers made by the government. Ramirez v. United States, 751 F.3d 604, 608 (8th Cir. 2014) (holding that a defendant could not show prejudice as required by Frye and Strickland v. Washington, 466 U.S. 668, 694 (1984), where the defendant "received at most an informal plea offer—one that expressly contained no promises or assurances"). As such, although open communication between defense counsel and a defendant is important, we generally will not find ineffective assistance and the requisite prejudice meriting relief merely because counsel fails to communicate fully the details of negotiations that fall short of actual and formal plea offers. Id.

Here, Mr. Gleason's challenge to the denial of his motion to withdraw fails for two reasons. First, there was no formal plea offer from the government. Although

---

[1]The Honorable Beth Phillips, Chief Judge, United States District Court for the Western District of Missouri.

defense counsel and the prosecutor discussed a possible plea agreement prior to trial, evidence of that potential agreement shows, at most, tentative approval and a further need for the prosecutor to discuss the case with supervisors. Rather than a formal offer, the communications between defense counsel and the prosecutor amounted to an "express[ion of] an interest in negotiating" and simply did not rise to the level of "promises or assurances." Id.

Second, defense counsel actually communicated to Mr. Gleason the information Mr. Gleason now challenges as having been withheld. In an email, defense counsel informed Mr. Gleason of the government's possible willingness to allow a plea agreement that would have permitted a reduced minimum sentence, allowed the defense to argue for a base offense level as low as 30, but also allowed the government to argue for a base offense level as high as 36 based in large part on Mr. Gleason's own statements as to drug quantity. Although Mr. Gleason recites portions of the information he received from counsel, a full reading of the communications shows neither a formal plea offer nor a failure to share the material details of a potential agreement.

Regarding the role enhancement, preponderant evidence supports the district court's conclusion. See United States v. Alcalde, 818 F.3d 791, 794 (8th Cir. 2016) (factual determinations supporting a role enhancement are reviewed for clear error). The Presentence Investigation Report (PSR) set forth facts concerning Mr. Gleason's role in the offense and recommended a four-level enhancement as a leader or organizer. He did not object to those factual statements. Rather, he argued that if a role enhancement applied, it should be a two-level rather than a four-level enhancement. At sentencing, despite the absence of a factual objection, the government did not rely on all the unobjected-to statements of fact found in the PSR. Rather, the government constrained its arguments to certain evidence as presented at the partial trial. Even this evidence showed the requisite control over another person to support the two-level enhancement. Mr. Gleason instructed and controlled a

girlfriend in the use of her home as a "stash house" and relied on her as a translator. See U.S.S.G. § 3B1.1; United States v. Denson, 967 F.3d 699, 708 (8th Cir. 2020) (directing the use of another's residence as a stash house demonstrates requisite control).

We affirm the judgment of the district court.

_____