[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10015
Non-Argument Calendar

_____

D. C. Docket No. 07-10036-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MARTIN GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 2, 2008)**

Before BIRCH, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Jesus Garcia appeals his sentence imposed after pleading guilty to conspiracy to smuggle aliens resulting in serious bodily injury, 8 U.S.C. § 1324(a)(1)(A)(v)(I), and unlawful entry in Cuban territorial waters, 50 U.S.C. § 192. Garcia asserts the district court did not provide a sufficiently compelling justification for its imposition of an upward variance of his sentence, from an advisory Guidelines range of 37 to 46 months to a sentence of 60 months. Thus, he argues, the sentence does not meet the purposes of 18 U.S.C. § 3553(a). After review, we affirm Garcia's sentence.

"We review the sentence imposed by the district court for reasonableness." *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). The Supreme Court has clarified the reasonableness standard means review of sentences for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

The district court must impose a sentence that is both procedurally and substantively reasonable. *Id.* The Supreme Court has explained a sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. *Id.* "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the

parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007).

Once we conclude the district court made no procedural errors, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. Such review entails determining whether the sentence is supported by the § 3553(a) factors. *Id*. at 600. Reasonableness review is "deferential," there is a "range of reasonable sentences from which the district court may choose," and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788.

> The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*Id*. at 786 (citing 18 U.S.C. § 3553(a)).

If a district court decides a sentence outside that range is appropriate, it must "consider the extent of the deviation and ensure that the justification is sufficiently

compelling to support the degree of the variance." *Gall*, 128 S. Ct. at 597.

Accordingly, the district court must "includ[e] an explanation for any deviation

from the Guidelines range." *Id*. In determining whether a sentence is

substantively reasonable, we must consider the totality of the circumstances. *Id*. If

the sentence is outside the Guidelines range, we may consider the deviation, "but

must give due deference to the district court's decision that the § 3553(a) factors,

on a whole, justify the extent of the variance." *Id*. "The fact that the appellate

court might reasonably have concluded that a different sentence was appropriate is

insufficient to justify reversal of the district court." *Id*. Nonetheless, the district

court does not have unfettered discretion in sentencing. *United States v. Pugh*, 515

F.3d 1179, 1191 (11th Cir. 2008).

There is no requirement the district court state on the record that it has

explicitly considered each of the § 3553(a) factors or to discuss each of the

§ 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Instead, indications in the record that the district court considered facts and

circumstances falling within § 3553(a)'s factors will suffice. *Id*. at 1329-30. A

district court's unjustified reliance on a single § 3553(a) factor may be a symptom

of an unreasonable sentence, *Pugh*, 515 F.3d at 1191; however, such a sentence is

not necessarily unreasonable, *see Gall*, 128 S. Ct. at 600 (holding a district court

4

did not commit reversible error simply because it "attached great weight" to one factor). Indeed, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

The district court's upward variance was reasonable. The court committed no significant procedural error. The court stated it had considered the advisory Guidelines and the statutory factors. The court allowed Garcia to present arguments as to what he believed the appropriate sentence should be, and considered Garcia's arguments for a sentence within the Guidelines on the basis of 18 U.S.C. § 3553(a) factors. The district court, relying on the unobjected-to facts from the PSI, explained why it had determined an above-Guidelines sentence was appropriate in light of the § 3553(a) factors. On the day of sentencing there were 7 cases involving alien smuggling, of a total of 11 defendants, before the court. The district court noted the need to promote respect for the law and insure adequate deterrence for others who might contemplate similar criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(A), (B). The court further observed the need to consider the nature and circumstances of the offense and the background of the defendant. 18 U.S.C. § 3553(a)(1). Contrary to Garcia's claim to the contrary, these explanations are sufficient to allow meaningful appellate review. *See Rita*, 127 S. Ct. 2468.

The district court considered the § 3553(a) factors and imposed a 60-month sentence that was well below the statutory maximum. The statutory maximum penalty for Counts 1 and 12 was 20 and 10 years' imprisonment respectively. 8 U.S.C. § 1324(a)(1)(B)(iii), 50 U.S.C. § 192. Garcia's total sentence of 60 months' imprisonment is far less than the statutory maximum he could have received for each of his offenses. This Court has found sentences significantly lower than the statutory maximum to be reasonable. *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006) (relying on fact that 42-month sentence was far below the statutory maximum as a sign of reasonableness).

Garcia has not established his sentence was substantively unreasonable. Much of Garcia's appellate argument focuses on the reasonableness of his sentence in light of the district court's focus on the prevalence of alien smuggling offenses on the calendar the day of his sentencing. Garcia asserts the district court varied from the Guidelines range based on its own personal view of punishment. To support his claim, Garcia cites *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007), which states "while the Guidelines are no longer binding, closer review may be in order when the sentencing judge varies from the Guidelines based solely on the judge's view that the Guidelines range fails properly to reflect § 3553(a) considerations even in a mine-run case." *Kimbrough* is distinguishable on its facts

6

from Garcia. In *Kimbrough*, the district court sentenced below the sentencing Guidelines range based on explicit disagreement with the sentencing Guidelines. *Id*. at 565. Here, the district court did not explicitly disagree with the Guidelines. The district court's focus was on respect for the law and deterrence, both factors under § 3553 (a). The Supreme Court recognized that some departures from sentencing uniformity were a necessary cost of applying § 3553(a) considerations. *See United States v. Booker*, 125 S. Ct. 738, 766-67 (2005) (reasonableness review may not lead to uniformity Congress intended). While the district court did not expressly discuss each of the § 3553(a) factors, it was not required to do so. *Scott*, 426 F.3d at 1329. The district court did not clearly err by emphasizing two factors, respect for the law and deterrence, because "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Clay*, 483 F.3d at 743. Although Garcia's sentence amounted to an upward variance, the district court correctly calculated the advisory Guidelines range, considered the relevant § 3553(a) factors, articulated its reasons in open court, considered Garcia's arguments, and had a reasoned basis for its decision. *See Gall*, 128 S. Ct. at 597; *Rita*, 127 S. Ct. at 2468.

Finally, Garcia implies the district court's decision to impose an upward variance gives rise to the inference its determination was influenced by its personal

7

views regarding illegal immigration. There is nothing in the record to support Garcia's contention.

The district court considered the § 3553(a) factors and imposed a sentence above the advisory Guidelines range. Because the § 3553(a) factors support the sentence imposed by the district court, the sentence is not greater than necessary to achieve the goals of sentencing set forth in § 3553(a). Further, the sentence is far below the statutory maximum for each of the crimes of conviction. Therefore, the district court did not abuse its discretion in sentencing Garcia to 60 months' imprisonment. Accordingly, we affirm Garcia's sentence.

**AFFIRMED.**