

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-31-2008

# USA v. Castro Valenzuela

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4818

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation
"USA v. Castro Valenzuela" (2008). *2008 Decisions*. Paper 20.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/20

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4818

UNITED STATES OF AMERICA

v.

LUIS MISAEL CASTRO VALENZUELA,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Criminal No. 2-07-cr-00412-001)
District Judge: The Honorable Stanley R. Chesler

Submitted Under Third Circuit LAR 34.1(a)
December 2, 2008

Before: AMBRO and GREENBERG, Circuit Judges
O'NEILL*, District Judge

(Filed: December 31, 2008)

OPINION OF THE COURT

---

*The Honorable Thomas N. O'Neill, Jr., United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

O'NEILL, <u>District Judge</u>

Appellant Luis Castro-Valenzuela appeals the judgment of sentence entered by the District Court. Appellant contends that the District Court erred because: (1) the guideline range triggered by the base level was excessively increased by a cross-reference, and the Supreme Court's holding in <u>Kimbrough v. U.S.</u>, 128 S. Ct. 558 (2007) permits district judges to impose a lower sentence if the within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing, (2) the District Court focused upon the underlying conduct rather than on the offense of conviction in determining the sentence, and (3) application of the cross-reference circumvented the presumption against extraterritorial application of federal criminal laws. We will affirm the District Court's sentence because the District Court properly followed the appropriate precedents of this Court and the Supreme Court.

**I.**

In March 2005, Castro-Valenzuela, a citizen of Chile, was living in Chile with his girlfriend. He arranged to meet his girlfriend's seven-year-old niece at his apartment and recorded himself as he forced her to engage in violent, sexually-explicit conduct. In April 2005, he traveled from Chile to the United States with the video-recording. His girlfriend later discovered the video and turned it over to the police. Appellee, the United States, filed a criminal complaint in the District Court for the District of New Jersey on August 18, 2006 charging Castro-Valenzuela with violating 18 U.S.C. § 2252A(a)(1) by knowingly transporting and shipping child pornography in interstate and foreign

2

commerce. On May 15, 2007, Castro-Valenzuela entered a plea of guilty without a plea agreement to a one-count information charging that offense.

On December 20, 2007, the District Court sentenced Castro-Valenzuela to a term of 220 months' imprisonment. The statute 18 U.S.C. § 2252(a)(1) triggers a base offense level of 22, but it contains a cross reference at U.S.S.G. § 2G2.2(c)(1) that triggers a base offense level of 32 for an "offense involved causing . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." The Court sentenced him to 220 months, which is within the advisory range of 210-240 months for the cross-referenced level of 37 (derived from the cross-referenced base offense level of 32, plus 4 levels for her age, plus 2 levels for commission of a sexual act, plus 2 levels for the relationship with the minor, and minus 3 levels for Castro-Valenzuela's admission of guilt). The offense of conviction, § 2252A(a)(1), carries a statutory minimum of 5 years and a statutory maximum of 20 years (240 months).

Without the cross-reference, Castro-Valenzuela argues that the proper level is that set by § 2G2.2 which is 22, plus 2 levels for the age of the victim, plus 2 levels for number of images, minus 3 levels for his admission of guilt, yielding an offense level of 23 with an advisory range of 46-57 months. As the statutory mandatory minimum sentence for this offense is 60 months, he argues that 60 months is the correct sentence. Castro-Valenzuela preserved this issue by objecting to the imposition of a sentence within the range produced by application of the cross-reference to U.S.S.G. § 2G2.1 on numerous grounds, including: the severity of the resulting increase in the range; the

3

interest of Chile in prosecuting the conduct that occurred in that country and that involved its citizens; and his lack of criminal history and apparent remorse.

## II.

The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The Notice of Appeal was timely filed on December 27, 2007.

This Court reviews sentences for reasonableness. United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Cooper, 437 F.3d 324, 327-28 (3d Cir. 2006). "The record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors . . . . The court need not discuss every argument made by a litigant . . . ." Id. at 329. Where the appellant contends that the district court made a mistake of law, our review is plenary. United States v. Lloyd, 469 F.3d 319, 321 (3d Cir. 2006).

In Gall v. United States, --- U.S. ----, 128 S. Ct. 586, 597-98 (2007), the Supreme Court held that sentencing decisions by district courts are to be reviewed under a deferential abuse of discretion standard. "We may not reverse the district court simply because we would have imposed a different sentence." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008), citing Gall, 128 S. Ct. at 597. A sentencing court should "consider every convicted person as an individual and every case as a unique study in human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Gall, 128 S. Ct. at 598 (quoting Koon v. United States, 518 U.S. 81, 113 (1996)). This Court noted in United States v. Jackson, 523 F.3d 234 (3d Cir. 2008), that "Cooper

4

continues to be the law in this Circuit, but we will read it in light of <u>Gall</u>."  Similarly, the

Supreme Court stated in <u>Rita v. United States</u>, --- U.S. ----, 127 S. Ct. 2456, 2469 (2007):

"Where a matter is . . . conceptually simple . . . and the record makes clear that the

sentencing judge considered the evidence and arguments, we do not believe the law

requires the judge to write more extensively."  District courts have broad discretion in

sentencing.  <u>U.S. v. Gunter</u>, 527 F.3d 282, 284-85 (3d. Cir. 2008).  Nevertheless, "[a]

district court by definition abuses its discretion when it makes an error of law."  <u>Wise</u>,

515 F.3d at 217 (internal citations and quotations omitted).

### III.

Our decision in <u>United States v. Gunter</u> requires district courts in this circuit to

follow a three-step sentencing procedure:

(1) They must continue to calculate a defendant's Guidelines sentence precisely as

they would have before [<u>United State v. Booker</u>, 543 U.S. 220 (2005)];

(2) In doing so, they must formally rule on the motions of both parties and state on

the record whether they are granting a departure and how that departure affects the

Guidelines calculation, and take into account this Court's pre-<u>Booker</u> case law,

which continues to have advisory force; and

(3) Finally, they are required to exercise their discretion by considering the

relevant § 3553(a) factors in setting the sentence they impose regardless whether it

varies from the sentence calculated under the Guidelines.

462 F.3d 237, 247 (3d Cir. 2006) (internal citations, quotation marks, and brackets

omitted). After determining the appropriate sentence, the district judge must adequately explain the chosen sentence to allow for meaningful appellate review, and, if the judge chooses to deviate from the Sentencing Guidelines, the more significant the deviation from the Guidelines the more substantial the justification must be. Gall, 128 S. Ct. at 597.

Here, the District Court carefully calculated the applicable Guidelines range (including the cross-reference), considered the § 3553(a) factors and Castro-Valenzuela's arguments, recognized its ability to grant a variance and chose to apply a within-Guidelines sentence. Thus, the District Judge properly followed the sentencing methodology and did not abuse his discretion; accordingly, the within-Guidelines sentence was reasonable.

Castro-Valenzuela argues that the sentence as applied was substantively unreasonable for three reasons: (1) the Guideline range triggered by the base level was excessively increased by the cross-reference and Kimbrough permits district judges to impose a lower sentence if the within-Guidelines sentence is "greater than necessary" to serve the objectives of sentencing; (2) the District Court focused upon the underlying conduct rather than on the offense of conviction in determining the sentence; and (3) application of the cross-reference circumvented the presumption against extraterritorial application of federal criminal laws.

A.      The Federal Sentencing Guidelines for Child Pornography

Castro-Valenzuela argues that his sentence was unreasonable because the

6

Guideline range was excessively increased by the relevant cross-reference at U.S.S.G. § 2G2.2(c)(1). Essentially, he believes that the 32 base level after application of the cross-reference is excessively above the 23 base level for the crime to which he pled guilty. He claims this cross-referenced base level of 32 was fashioned to meet the mandatory minimum and not developed under an empirical approach. Castro-Valenzuela argues that the Supreme Court's reasoning in Kimbrough applies to the child pornography statutes because it permits district courts to impose a lower sentence if the within-Guidelines sentence is greater than necessary to serve the objectives of sentencing. Kimbrough, 128 S. Ct. at 563. He suggests that the Guidelines for child pornography are similar to the crack/cocaine Guidelines analyzed in Kimbrough because the child pornography Guidelines are no longer the product of independent empirical study and analysis and are instead the product of congressional mandates increased for political reasons. Castro-Valenzuela says that Kimbrough requires the Sentencing Commission to take account of empirical data and national experience in setting Guidelines and that the history of the child pornography Guidelines demonstrate a lack of empirical evidence for the dramatic increase in severity over the years. He argues that the re-worked § 2G2.1 produces a highly inflated range, perhaps more than the Commission intended, creating a disproportionate impact apparent on its face, as was the case with the crack/cocaine Guideline; so the District Court need give that provision no deference in determining sentencing. He argues that Kimbrough does not require courts to be specifically dissatisfied with those Guidelines for Kimbrough (and its emphasis on the Guideline's

7

advisory status) to apply.

The question of whether the Kimbrough reasoning should apply to the child pornography Guidelines applied in this case is not really at issue here. In Kimbrough, the district court sentenced below the Sentencing Guidelines range based on an explicit disagreement with the Guidelines. Kimbrough, 128 S. Ct. at 565; U.S. v. Garcia, 284 Fed. Appx. 719, 721 -722 (11th Cir. 2008). Here, the District Court did not explicitly disagree with the Guidelines; indeed, the Court followed the Guidelines' suggested sentence range while recognizing the option to impose a lower sentence because the Guidelines are advisory. Even under Kimbrough, a judge sentencing an offender based upon the crack/cocaine ratio is not required to impose a below-Guidelines sentence; Kimbrough only holds that it is not an abuse of discretion for a judge to do so. Id. As it is not an abuse of discretion for a district court judge to follow the crack/cocaine ratio outlined in the Guidelines, even if this Court were to find that the Guidelines and cross-reference at issue were not based on empirical research and should be treated in the same way as the crack/cocaine ratio Guidelines under Kimbrough, it was not an abuse of discretion to sentence Castro-Valenzuela to a within-Guidelines sentence.

B.      Sentencing based on the underlying conduct undermined respect for law

Castro-Valenzuela argues that the District Court erred during sentence determination when it focused on the underlying conduct of the rape and creation of the child pornography rather than on the offense of conviction of bringing child pornography into the United States. While he does not suggest that this conduct could not be legally

8

considered, he argues that its inclusion undermines the § 3533 requirement that the sentencing court should consider the need for the imposed sentence to promote respect for the law. He contends that the District Court ignored his arguments about the proper sentence when it stated that, even without the cross-reference, it would be "authorized to consider the particular conduct in question in determining whether or not a sentence in the range of 210-240 months was appropriate considering all of the 3553 factors." The District Court stated that it had "absolutely no problem concluding that an evaluation of all the § 3553 factors compels a sentence at or near the maximum statutory sentence," even without consideration of the underlying conduct, especially as the Guidelines make possession or distribution of child pornography a serious criminal offense "in order to deter its creation." Despite his claims that the District Court focused on the underlying conduct when determining the sentence, Castro-Valenzuela's sentence comports with the statutory minimum and maximum of the convicted offense.

Moreover, it was proper to consider the underlying conduct of the rape and creation of child pornography in Chile in sentencing. As the Court of Appeals for the Seventh Circuit noted in U.S. v. Dawn, 129 F.3d 878, 884 (7th Cir. 1997), sentencing judges may look to conduct surrounding the offense of conviction in fashioning an appropriate sentence, regardless of whether the defendant was ever charged with or convicted of that conduct or whether he could be. See, e.g., United States v. Watts, 519 U.S. 148 (1997) (per curiam), noting that it is permissible to consider conduct underlying charges of which the defendant was acquitted during sentencing.

9

Taking into account conduct related to the offense of conviction in sentencing is not the same thing as holding the defendant criminally culpable for that conduct. Watts, 519 U.S. at 154; Witte v. United States, 515 U.S. 389, 401-04 (1995). The offense of conviction remains paramount in terms of the statutory minimum and maximum sentences and what is relevant for sentencing purposes. Id. Indeed, the purpose of looking to circumstances beyond the offense of conviction is to decide what degree of punishment to impose within the typically broad range authorized by the criminal statute. Dawn, 129 F.3d at 884, citing Watts, 519 U.S. at 155; Witte, 515 U.S. at 401-04.

While it may appear that Castro-Valenzuela was sentenced for a different offense because of the cross-reference, in fact he was sentenced solely for the crime of which he was convicted. Id. He was not sentenced for producing child pornography when the District Court cross-referenced the § 2G2.2(c)(1) Guideline; the cross-reference merely implements the idea that a receiver or possessor who manufactured the pornography in his possession is more culpable and more dangerous than one who received or possessed the pornography and no more. Dawn, 129 F.3d at 884. The cross-reference serves "merely to distinguish [Castro-Valenzuela] from the defendant who did not personally exploit minors to create the pornography found in his possession." Id. at 885. His sentence comports with the statutory minimum and maximum appropriate to the offense of which he was convicted. Thus, the District Court's inclusion of the cross-reference did not undermine respect for the law; it made the sentencing range more individualized.

C.    Extraterritorial Application of Federal Criminal Laws

10

Castro-Valenzuela argues that applying the cross-reference circumvented the presumption against extraterritorial application of federal criminal laws. Though Congress amended 18 U.S.C. § 2251 in 2003 to indicate its intent for the statute to apply to extraterritorial conduct, and this Court had previously found in United States v. Harvey, 2 F.3d 1318 (1993), that Congress intended § 2251 to apply to extraterritorial conduct, Castro-Valenzuela was not prosecuted for the rape and creation of child pornography that took place in Chile; he was prosecuted under § 2252A(a)(1) for transporting the child pornography into the United States. As his charge implicated no questions about extraterritorial jurisdiction, he argues that his extraterritorial crimes should not have been considered in sentencing. While it is correct that Castro-Valenzuela was convicted for a crime that did not implicate extraterritoriality, the foreign conduct was used only to shed light on the gravity of his conduct as a transporter to make his sentence more individualized within the range. As previously noted, the District Court could consider actions over which it did not have jurisdiction in sentencing; even the inclusion of extraterritorial actions was permissible, Dawn, 129 F.3d at 884; so the extraterritorial rape for which he was not prosecuted was properly considered. This Court found in Harvey that extraterritorial conduct can be considered in U.S.S.G. § 2G2.4 which was the Guideline previously applicable to possession of child pornography and merged into § 2G2.2, applicable here. Harvey, 2 F.3d 1328-29.

Additionally, Castro-Valenzuela argues that considering his conduct abroad in sentencing will prevent Chile from prosecuting the child-rape shown on the video. It is

11

unclear why this would be true and the Government notes that Chile will have the opportunity to prosecute Castro-Valenzuela for his conduct. The United States need not refrain from seeking punishment for the transport of child pornography into this country merely because Castro-Valenzuela may be punished for other crimes elsewhere.

Finally, Castro-Valenzuela argues that all of these actions, taken as a whole, render the sentence unreasonable. However, as discussed, the District Judge did not abuse his discretion; instead he applied an appropriate within-Guidelines sentence after acknowledging the advisory nature of the Guidelines and his discretion at sentencing.

Because we find no basis upon which to conclude that the District Court abused its discretion when it imposed a within-Guidelines sentence, its sentence will be affirmed.