# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-3077

_____

United States of America

*Plaintiff - Appellee*

v.

Francisco Zayas, also known as Juan Marin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 18, 2014
Filed: July 11, 2014

_____

Before LOKEN and MURPHY, Circuit Judges, and SIPPEL,[1] District Judge.

_____

MURPHY, Circuit Judge.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, sitting by designation.

Francisco Zayas pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). The district court[2] applied U.S.S.G. § 2G2.1 and sentenced him to twenty years imprisonment. He now appeals, challenging the application of the sentencing guideline and the reasonableness of his sentence. We affirm.

Law enforcement officials used the ARES peer to peer network in September 2012 to investigate Francisco Zayas, also known as Juan Marin, for downloading and sharing images of child pornography. After officials discovered that Marin had received and possessed child pornography, they used the network to download five videos containing child pornography from Marin's computer. Officers executed a search warrant at Marin's Iowa residence on November 7, 2012. They seized a computer, two USB drives, and a compact disc; a preliminary forensic examination of the seized items showed that they contained hundreds of images and videos of child pornography. Marin was arrested that day and told officers that eight years earlier while residing in Mexico he had taken pictures of himself having sexual intercourse with his eleven year old nephew. Marin was charged on December 18, 2012 with receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) and possessing child pornography in violation of § 2252(a)(4)(B). He pled guilty to receiving child pornography on June 11, 2013.

At sentencing on September 13, 2013, the district court applied the U.S.S.G. § 2G2.1 guideline on a cross reference from § 2G2.2. Section 2G2.2 is the applicable guideline for receipt of child pornography, and § 2G2.2(c)(1) indicates that § 2G2.1 applies "[i]f the offense involved causing, . . . [or] permitting . . . a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." Because of Marin's admission that he had photographed himself in Mexico sexually abusing his eleven year old nephew, the district court applied the base

[2]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa.

offense level of 32 required by § 2G2.1.  It added a four level enhancement under § 2G2.1(b)(1)(A) for an offense involving a minor who has not yet attained the age of twelve years, a two level enhancement under § 2G2.1(b)(2)(A) for an offense involving the commission of a sexual act or sexual contact, and a two level enhancement under § 2G2.1(b)(5) for an offense by a parent, relative, or legal guardian of the minor.

Marin objected to the use of the § 2G2.2(c)(1) cross reference to apply § 2G2.1 and its enhancements on the grounds that the visual depictions of his sexual activity with his nephew were merely collateral to the isolated, uncorroborated incident which occurred more than eight years earlier.  The district court overruled his objections, however, and found that the circumstances supported the application of the § 2G2.1 guideline and its enhancements.  With a total offense level of 43 and a criminal history of I, Marin's advisory guideline range was life.  Because the maximum  statutorily authorized sentence for receipt of child pornography was less than the advisory guideline range, the district court applied § 5G1.1(a) and reduced Marin's guideline range to the statutory maximum of twenty years.  Marin then requested a downward departure and variance based on his age, physical condition, and lack of criminal history.  The district court declined to depart or vary downward and imposed a sentence of twenty years.  Marin now appeals.

Marin first argues that the district court erred in calculating his advisory guideline range.  We review the district court's application of the sentencing guidelines de novo. United States v. Flying By, 511 F.3d 773, 778 (8th Cir. 2007). Marin contends that it was improper to apply U.S.S.G. § 2G2.1 (on cross reference from § 2G2.2) and to add enhancements under § 2G2.1(b)(1)(A), (b)(2)(A), and (b)(5) because his underlying sexual act occurred outside of the United States in Mexico. The Seventh Circuit has considered and rejected the same territorial issue which Marin raises.  See United States v. Dawn, 129 F.3d 878 (7th Cir. 1997).  The defendant argued in Dawn that his production of child pornography in Honduras could

not lead to the application of § 2G2.1 because the underlying activity occurred outside of the United States. Id. at 880–81. The Seventh Circuit concluded however that §§ 2G2.1 and 2G2.2 contain no geographic limitation but rather depend "upon the factual and logical relationship between the offense of conviction and the defendant's other acts, wherever they may have occurred." Id. at 882. Other circuits have reached the same conclusion, see United States v. Castro-Valenzuela, 304 F. App'x 986, 992 (3d Cir. 2008) (concluding that extraterritorial rape and creation of child pornography was properly considered in sentencing).

Despite acknowledging that he was charged under 18 U.S.C. § 2252, Marin relies on 18 U.S.C. §§ 2242 and 2243. Those sections apply to sexual abuse and sexual abuse of a minor by those "in the special maritime and territorial jurisdiction of the United States," as well as by those in prisons and other federal institutions. It is uncontested however that Marin was charged and pled guilty to receipt of child pornography under § 2252, a statute containing no such geographic limitation. We conclude that the district court properly applied the cross reference to § 2G2.1 and its related sentencing enhancements based on Marin's admission that he photographed himself having sexual intercourse with his eleven year old nephew. See Dawn, 129 F.3d at 882.

Marin alternatively contends that it was error to apply the enhancement under § 2G2.1(b)(1)(A), which applies to offenses involving a minor who has not attained the age of twelve years. He points out that the only evidence of his nephew's age was his own admission that the boy was eleven. A sentencing court makes findings about relevant conduct by a preponderance of the evidence, and our review is for clear error. United States v. Boyce, 564 F.3d 911, 915 (8th Cir. 2009). The district court may rely on factual allegations in a presentence report even though the defendant has objected to the report's recommendation based on those facts as long as he has not objected to the facts themselves. United States v. Bledsoe, 445 F.3d 1069, 1073 (8th Cir. 2006). Marin made no objection to the factual allegation that he admitted to having abused

-4-

his eleven year old nephew. Moreover, the record provides no evidence that conflicts with Marin's voluntary admission regarding his nephew's age. We conclude that the district court did not clearly err in finding that the victim had been under twelve years of age at the time of the sexual offense so as to apply the § 2G2.1(b)(1)(A) enhancement.

Marin also contends that the sentencing court committed procedural error in imposing the statutory maximum by not adequately explaining its reasoning and by weighing factors inappropriately. We review the procedural and substantive reasonableness of a sentence under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). A sentencing court abuses its discretion in imposing a sentence under 18 U.S.C. § 3553(a) if it fails to consider a relevant factor, gives significant weight to an irrelevant factor, or commits a clear error of judgment in weighing the appropriate factors. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009). We do not require the district court to provide a mechanical recitation of all the § 3553(a) factors, but rather to show clearly that it considered those factors in determining the sentence. Id. The district court found that Marin's sexual abuse of his nephew made his crime more serious than the average conviction for receipt of child pornography, noting the known risk of recidivism for defendants who sexually abuse children. Its comments show that the court considered relevant § 3553(a) factors, such as the seriousness of the offense and the need to protect the public from further crimes of the defendant. Given that the district court did not consider any impermissible factors and carefully weighed all of the relevant factors and evidence, we conclude that it did not abuse its discretion in sentencing Marin to twenty years.

In addition Marin argues that his sentence is substantively unreasonable because the district court failed to vary or depart from his guideline range sentence of twenty years. On appellate review we may apply a presumption of reasonableness to a sentence within the guideline range, Gall, 552 U.S. at 51, and we conclude that the district court did not abuse its discretion in sentencing Marin to twenty years. Marin's

calculated guideline range of life was reduced to the statutory maximum of twenty years under § 5G1.1(a), and the court carefully considered the statutory sentencing factors. See Gall, 552 U.S. at 51.

In sum, the district court did not err in cross referencing and applying enhancements under U.S.S.G. § 2G2.1 based on Marin's admission about his prior sexual conduct in Mexico. The court did not clearly err by finding that Marin's nephew was under the age of twelve at the time of the incident. Finally, the court reasonably applied the § 3553(a) factors in sentencing Marin to the guideline range of twenty years imprisonment. Accordingly, we affirm the judgment of the district court.

_____