**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1455
_____

UNITED STATES OF AMERICA

v.

ENIL NOEL MELENDEZ FERMAN, a/k/a Enil Noel Melendez-Ferman,
a/k/a Deni Noel Melendez-Frema, a/k/a Deni Noel Melendes, a/k/a Noel Melendez,
a/k/a Noel Melendez-Ferman, a/k/a Davi Melendez,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-23-cr-00142-001)
District Judge:  Honorable Zahid N. Quraishi

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on December 9, 2024
_____

Before:  BIBAS, CHUNG, and ROTH, <u>Circuit Judges</u>

(Filed: January 8, 2025)
_____

OPINION[1]
_____

**CHUNG**, <u>Circuit Judge</u>.

---

[1]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Enil Melendez Ferman pleaded guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a), (b)(1), pursuant to a plea agreement. He and the government agreed to a non-binding sentencing range of approximately twelve to fifteen months. At sentencing, however, Melendez Ferman's Guidelines sentencing range was higher than expected by the parties. The District Court sentenced Melendez Ferman to a within-Guidelines sentence of thirty months in prison. He now challenges his sentence as procedurally and substantively unreasonable. We disagree and will affirm.

## I.    BACKGROUND[2]

Between March 2002 and August 2019, Melendez Ferman illegally entered the United States on five separate occasions. He was removed on each occasion. At some point after December 2019, he illegally entered the country for a sixth time. After apprehension, Melendez Ferman was charged with illegal reentry in February 2023.

Following his 2019 entry, Melendez Ferman was also arrested on various state charges in October 2021 and again in December 2022. The December arrest included a charge for aggravated assault of a police officer based on allegations that Melendez Ferman caused a laceration to an officer when he resisted arrest. On March 22, 2023, Melendez Ferman pleaded guilty to several state charges relating to the October 2021 and December 2022 incidents. Judgment for those matters was entered in May 2023.

On October 23, 2023, Melendez Ferman pleaded guilty to illegally reentering the United States pursuant to a plea agreement. In the plea agreement, the parties entered

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision.

into non-binding stipulations that Melendez Ferman's total offense level was ten and that a sentence between twelve months and one day to fifteen months would be reasonable. The Presentence Report (PSR), however, reported a higher criminal history score than anticipated by the parties due to Melendez Ferman's recent state convictions. The PSR then calculated Melendez Ferman's Guidelines sentencing range at twenty-four to thirty months. App. 56. The PSR incorrectly stated that Melendez Ferman was convicted in September 2010 for "illegal reentry."[3] App. 57. Neither party objected to the error, and it played no role in calculating his offense level nor criminal history score.

At sentencing, the parties agreed that the PSR correctly calculated Melendez Ferman's Guidelines range but advocated for a sentence within the original stipulated range of twelve to fifteen months. App. at 55-57

The District Court adopted the PSR calculations, declined to impose a sentence within the stipulated range, and instead sentenced Melendez Ferman to a within-Guidelines term of imprisonment of thirty months. At sentencing, the District Court expressed concern about Melendez Ferman's December 2022 conviction for aggravated assault of a police officer. In doing so, it incorrectly stated that Melendez

---

[3]     The PSR reported that Melendez Ferman had been convicted of "illegal reentry" without reporting the statute of conviction, nor the grading for that offense. "Illegal reentry" is typically used to describe the felony offense at 8 U.S.C. § 1326, while Melendez Ferman's offense of conviction, the misdemeanor crime at 8 U.S.C. § 1325, is typically characterized as "illegal *entry*." Neither illegal reentry, nor illegal entry are the statutory names for the described offenses. See 8 U.S.C. § 1325 (referring to offense as "Improper Entry by Alien"); 8 U.S.C. § 1326 (referring to offense as "Reentry of Removed Aliens").

3

Ferman "punched a law enforcement officer." App. at 62. The parties corrected the District Court, clarifying that Melendez Ferman punched another individual, not a law enforcement officer. The District Court made no "factual findings on particular facts" regarding that conviction because it did not "have [the arrest documents] before" it. App. at 63. The District Court focused instead on the seriousness of the conviction, describing it as a "crime of violence" and stating that the parties could "argue all day that the underlying facts may be different…, but he pleaded guilty to [aggravated assault of a police officer]." Id. at 68, 70.

In considering whether a downward variance was warranted, the trial court noted its skepticism that Melendez Ferman would not return to the United States for a seventh time, despite his promise otherwise. The District Court registered its belief that Melendez Ferman would be "coming back as soon as [his] sentence is over and he's deported." App. at 68. The trial court also surmised that Melendez Ferman made similar assurances that he would not return in his previous cases.

Melendez Ferman timely appealed.

## II.    DISCUSSION[4]

Melendez Ferman contends that the sentence imposed by the District Court was both procedurally and substantively unreasonable. We disagree.

"We review the procedural and substantive reasonableness of a sentence for abuse of discretion." United States v. Valentin, 118 F.4th 579, 590 n.19 (3d Cir. 2024).

---

[4]    The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742.

4

Because Melendez Ferman's challenges are unpreserved, however, we review for plain error. Id. "An error is plain if it is 'clear' or 'obvious,' 'affects substantial rights,' and 'affects the fairness, integrity or public reputation of judicial proceedings.'" United States v. Flores-Mejia, 759 F.3d 253, 259 (3d Cir. 2014) (en banc) (quoting United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006)).

A.      Procedural Reasonableness

In reviewing for procedural reasonableness, we must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007).

Melendez Ferman first argues that the District Court erred by relying on "clearly erroneous facts." Br. at 15-21. In particular, he asserts that the trial court "misunderstood the factual basis for" his aggravated assault of a police officer conviction. Br. at 16-17. The trial court did not make "any factual findings" on the matter, however, and instead relied on the fact of conviction alone, noting that it "is a serious crime." Id. at 63, 78. The District Court's decision to account for the fact of

5

Melendez Ferman's conviction falls within its broad sentencing discretion.[5] See generally 18 U.S.C. § 3553(a)(1).

We also perceive no plain error in the District Court's use of the phrase "crime of violence." Nothing in the record suggests that the District Court used this term to mean that Melendez Ferman committed a "crime of violence" as defined in the Guidelines rather than colloquially, nor is there evidence in the record to suggest that the District Court based its sentence in any way upon such a finding. See U.S.S.G. 4B1.2 (defining "crime of violence").

Melendez Ferman next points to the trial court's misstatement that he had two prior convictions for illegal "reentry." The record reflects that the District Court knew the correct grading for his prior offenses, though, and that it specifically noted he had one misdemeanor and one felony conviction. Although the misdemeanor offense is commonly referred to as illegal *entry* and the felony offense is commonly referred to as illegal *reentry*, there is nothing in the record establishing that the District Court used the term "reentry" in a technical sense. Rather, context demonstrates that the District Court was referring to the indisputable fact that Melendez Ferman had repeatedly returned to the United States illegally. Again, we perceive no obvious error.

Finally, Melendez Ferman argues that the District Court improperly speculated

---

[5]    Melendez Ferman separately argues that "[i]nsofar as the court suggested it could only consider the statute of conviction, but not the underlying facts, it likely committed additional error." Br. at 17 (citing United States v. Castro-Valenzuela, 304 F. App'x 986, 991 (3d Cir. 2008)). We see no support in the transcript for this interpretation of the District Court's consideration of Melendez Ferman's aggravated assault conviction.

6

that he had previously made assurances that he would not return to the United States and seemed skeptical that he left Honduras because he feared for his safety. As with the other assertions of plain error above, there is no evidence that the District Court relied on any speculative fact in determining Melendez Ferman's sentence. Instead, the trial court's express goal was to fashion a sentence that accounted for Melendez Ferman's "history of noncompliance with the laws of the United States" and that would deter him from returning to the United States for a seventh time. See App. at 79; id. at 77-78. We perceive no plain error in its conclusion that a lengthier sentence was necessary to accomplish that end. The District Court's conjectural asides are distinguishable from instances where a trial court's speculation necessarily resulted in a sentencing enhancement. See, e.g., United States v. Neadle, 72 F.3d 1104, 1111 (3d Cir. 1995).[6]

We therefore conclude that Melendez Ferman's sentence was procedurally reasonable.

B.     Substantive Reasonableness

In reviewing for substantive reasonableness, we "presume that procedurally sound sentences within the Guidelines are reasonable." United States v. Jumper, 74 F.4th 107, 114 (3d Cir. 2023). "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must

---

[6]     Because we conclude that the trial court did not rely on any impermissible speculation in fashioning Melendez Ferman's sentence, we also reject his argument that the trial court committed a Rule 32 violation by withholding pertinent evidence prior to sentencing. See Fed. R. Crim. P. 32(i)(1)(B).

7

affirm." United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008). We will not reverse a sentence as substantively unreasonable "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009).

Melendez Ferman's thirty-month sentence is presumptively reasonable because it was "procedurally sound" and fell "within the Guidelines" range. Jumper, 74 F.4th at 114. Nevertheless, he argues that the trial court did not give sufficient weight to his history of trauma. We disagree. At the sentencing hearing, defense counsel summarized Melendez Ferman's personal history and circumstances. The District Court stated that it read the mitigation report, that it was "not dismissive about [his] background[,]" and that Melendez Ferman's early life was "tragic." App. at 69, 80. While Melendez Ferman may feel the District Court should have weighed this mitigation evidence differently, we cannot conclude that no reasonable sentencing court would have imposed the same sentence, nor that the District Court plainly erred in doing so.

## III. CONCLUSION

For the reasons set forth above, we will affirm.